SALMON, LEWIS & WELDON, P.L.C.
Mark A. McGinnis (No. 013958)
Michael K. Foy (No. 032736)
Katrina L. Wilkinson (No. 037195)
2850 E. Camelback Road, Suite 200
Phoenix, Arizona 85016-4316
Telephone: (602) 977-7301
Email: mam@slwplc.com
Email: mkf@slwplc.com
Email: klw@slwplc.com

JONES DAY
Roy A. Powell*
Joseph J. Zelasko*
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219-2514
Email: rapowell@jonesday.com
Email: jzelasko@jonesday.com
*Application for admission pro hac vice forthcoming.

Attorneys for Defendant
400 Rivulon Blvd., LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

# PHOENIX DIVISION

| | |
|---|---|
| Keystone Wealth Partners, LLC, an Arizona limited liability company; and Creative Planning, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>400 Rivulon Blvd., LLC, an Ohio limited liability company,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332**<br><br>**[DIVERSITY JURISDICTION]**<br><br>(Removed from Superior Court of Arizona, Maricopa County, Case No. CV2022-004778) |

**TO THE CLERK OF THE COURT AND ALL PARTIES:**

Pursuant to 28 U.S.C. §§ 1332 and 1446, and with full reservation of all rights and defenses, Defendant 400 Rivulon Blvd., LLC, removes this action, currently pending in the Superior Court of Arizona, Maricopa County, Case No. CV2022-004778 (the "State Court Action"), to the United States District Court for the District of Arizona. Removal is proper here because complete diversity exists and the amount of controversy is more than $75,000.

In further support of removal, Defendant provides this "short and plain statement" of this Court's removal jurisdiction. 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

**PROCEDURAL BACKGROUND**

1. On April 14, 2022, Keystone Wealth Partners, LLC, ("Keystone") and Creative Planning, LLC, ("Creative Planning") filed a Complaint in the State Court Action against Defendant 400 Rivulon Blvd., LLC ("400 Rivulon"). A copy of the Complaint is attached as Exhibit 2 to the Declaration of Michael K. Foy in Support of the Notice of Removal ("Foy Declaration"), which is itself attached as Exhibit B to this Notice of Removal.

2. The allegations in the Complaint relate to a December 10, 2021 Lease Agreement between Keystone and 400 Rivulon (the "Lease"). The Complaint alleges that 400 Rivulon is the Landlord under the Lease, and that "Plaintiffs are the Tenant." Complaint ¶¶ 3, 5.

3. The Complaint asserts claims for declaratory judgment, specific performance, breach of the Lease, breach of the implied covenant of good faith and fair dealing, intentional interference with business expectancy, and unfair or deceptive trade practices.

4. The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal.

5. No orders have been entered in the State Court Action as of the filing of this Notice of Removal.

6. 400 Rivulon was served with Plaintiffs' Complaint on April 22, 2022. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

7. Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over civil actions that are "between citizens of different States" if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

8. This civil action is between citizens of different states.

9. For purposes of 28 U.S.C. § 1332(a)(1), "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

10. 400 Rivulon is a citizen of Ohio. 400 Rivulon is an LLC whose sole member is another Ohio LLC. The sole member of that Ohio LLC is an Ohio LLC with two members: an Ohio mutual insurance company and an Ohio corporation.

11. On information and belief, Keystone is a citizen of Arizona and no other state, and no member of Keystone is a citizen of Ohio.

12. On information and belief, Creative Planning is a citizen of Missouri and no other state, and no member of Creative Planning is a citizen of Ohio.

13. The matter in controversy for this action exceeds $75,000, exclusive of interest and costs.

14. Count 1 of the Complaint seeks a declaration as to the Tenant's obligations with respect to "Additional Rent." Complaint ¶ 21. The amount in controversy for Count 1 is approximately $947,340.

 a. Prior to executing the Lease, the parties to the Lease, 400

Rivulon and Keystone (collectively, the "Parties"), agreed that the Tenant would pay its pro-rata share of certain operating expenses (the "Operating Expenses"). The parties to the Lease did <u>not</u> agree that the Tenant would pay only its pro-rata share of the increase in Operating Expenses above the amount of Operating Expenses in a certain "base year."

   b.  Because of a drafting error, Paragraph 3(c) of the Lease states that the Tenant is "responsible for its pro-rata share of such operating expenses <u>above a Base Year 2023</u>." Complaint ¶ 7 (emphasis added).

   c.  The Operating Expenses are expected to be approximately $9.00 per rentable square foot during the first year of the lease term. That estimate is contained in an invoice that Keystone's broker, Colliers International, submitted to 400 Rivulon after the Lease was executed. The invoice submitted to 400 Rivulon by Colliers International included $9.00 per rentable square foot of Operating Expenses in its calculation of the total gross rent due under the Lease, which accurately reflected the agreement reached by the Parties.

   d.  Accordingly, if the Tenant is responsible for paying its share of all Operating Expenses, Tenant is expected to owe approximately $9 per rentable square foot for the first year of the lease term. As the premises covered by the Lease consist of 10,486 square feet of rentable area, Tenant is expected to owe a total of approximately $94,734 in Operating Expenses for the first year of the lease term. Each year thereafter, Tenant will owe a total of approximately $94,734 plus or minus any increase or decrease in its share of the total Operating Expenses.

   e.  If, on the other hand, Tenant is only responsible for paying the increase in its share of the Operating Expenses above the amount of Operating Expenses in "Base Year 2023," Tenant will owe approximately $0 in Operating Expenses for the first year of the lease term. Each year thereafter, it will owe only its share of the increase in the Operating Expenses beyond the amount of Operating Expenses in Base Year 2023.

   f. Over the 10-year term of the lease, if the Tenant is responsible for paying its share of all Operating Expenses, it will owe approximately $947,340 more than it would owe if it were responsible for paying only its share of the increase in Operating Expenses above the amount of Operating Expenses in Base Year 2023.

 15. Count 2 of the Complaint seeks a judgment ordering 400 Rivulon to "proceed with design and construction of Tenant improvements." Complaint ¶¶ 29, 32. However, 400 Rivulon is not required to proceed with the design and construction of Tenant improvements because Keystone has expressed its intent not to perform its obligations under the Lease. The same is true of Creative Planning, to the extent it has any obligations under the Lease. The total cost of designing and constructing tenant improvements is expected to be well more than $75,000. Accordingly, the amount in controversy for Count 2 is well more than $75,000.

 16. Counts 3 through 6 of the Complaint seek damages based on 400 Rivulon's refusal to proceed with the design and construction of the Tenant improvements. The total cost of designing and constructing tenant improvements is expected to be well more than $75,000. Accordingly, the amount in controversy for each of Counts 3 through 6 is well more than $75,000.

 17. Plaintiffs also seek punitive damages, consequential damages, and attorneys' fees. With respect to consequential damages, Plaintiffs allege, "[I]f 400 Rivulon does not deliver the premises in a timely manner, Plaintiffs will not be able to continue their business." Complaint ¶ 42.

 18. The Certificate of Compulsory Arbitration filed by Plaintiffs in the State Court Action, which is included in Exhibit 4 to the Foy Declaration, certifies that this case is not subject to compulsory arbitration under the Arizona Rules of Civil Procedure and the Local Rules of Practice for Superior Court of Arizona, Maricopa County. Under those rules, the amount in controversy must be greater than $50,000 for a case not to be subject to compulsory arbitration. *See* Maricopa

County Super. Ct. R. 3.10.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

19. Venue is proper in this Court because the District of Arizona, Phoenix Division, is the federal district and division embracing the Superior Court of Arizona, Maricopa County, where the State Court Action was originally filed. 28 U.S.C. § 1446(a).

20. In accordance with 28 U.S.C. § 1446(a) and Civil Local Rule 3.6(b), the most recent version of the docket from the State Court Action is attached as Exhibit 1 to the Foy Declaration, and true and correct copies of all process and pleadings in the State Court Action are attached as Exhibits 2 through 4 to the Foy Declaration.

21. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice is being filed with this Court within thirty (30) days after 400 Rivulon received a copy of Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based.

22. As required by 28 U.S.C. § 1446(d) and LRCiv 3.6(a), 400 Rivulon has given written notice of the removal to Plaintiffs and filed a copy of this Notice of Removal with the Clerk of the Superior Court of Arizona, Maricopa County.

23. As required by LRCiv 3.6(a), Exhibit A to this Notice of Removal includes both a Civil Cover Sheet (AO Form JS-44) and a Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction.

Wherefore, 400 Rivulon hereby removes the above-entitled action to this Court from the Superior Court of Arizona, Maricopa County.

Dated:  April 27, 2022

By: /s/ Michael K. Foy
Mark A. McGinnis
Michael K. Foy
Katrina L. Wilkinson
SALMON, LEWIS & WELDON, P.L.C.
2850 E. Camelback Road
Suite 200
Phoenix, Arizona  85016-4316
Telephone: (602) 977-7301
Email: mam@slwplc.com
Email: mkf@slwplc.com
Email: klw@slwplc.com

Attorneys for Defendant
400 Rivulon, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to CM/ECF registrants. I also served the attached document on Andrew M. Federhar and Jessica A. Gale, counsel for Plaintiffs, via email at afederhar@spencerfane.com and jgale@spencerfane.com, and via overnight mail at 2415 E. Camelback Road, Suite 600, Phoenix, Arizona 85016.

/s/ Michael K. Foy
Michael K. Foy